ADAM GORDON
United States Attorney
JILL S. STREJA
Assistant U.S. Attorney
New York Bar No. 4856324
United States Attorney's Office
880 Front Street, Room 6293
San Diego, CA 92101
Telephone (619) 546-8401
Jill.Streja@usdoj.gov

Attorneys for the United States

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>FERNANDO ALMANZA,<br>Defendant. | Case No.: 25-cr-02050-WQH<br>Bench Trial: January 20, 2026<br>Time: 10:00 a.m.<br>Courtroom: 15B<br>The Honorable William Q. Hayes<br>**STIPULATION OF FACTS AND TESTIMONY, AND STIPULATION AS TO FORFEITURE** |

IT IS HEREBY STIPULATED AND AGREED, by and between the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Adam Gordon, United States Attorney, and Jill S. Streja, Assistant United States Attorney, and Defendant, FERNANDO ALMANZA, by and through his counsel, Brittany Sherron, Federal Defenders of San Diego, Inc., that the following would be the uncontroverted testimony and facts at trial:

//

//

//

1. Task Force Officer ("TFO") Joshua Ricard would testify that:
   a. TFO Ricard has been a Sheriff's Deputy for approximately 18 years and is currently assigned to the Federal Bureau of Investigation ("FBI") Inland Violent Crime Suppression Team, an FBI Task Force based in Riverside, California. On April 14, 2025, members of the Federal Bureau of Investigation Inland Violent Crime Suppression Team executed a California state search warrant at 1539 Walton Street in Oceanside, California, within the Southern District of California, and located FERNANDO ALMANZA, identified as Defendant, in a Recreational Vehicle ("RV") parked in the driveway of the residence.
   b. 1539 Walton Street in Oceanside, California is within the Southern District of California.
   c. Law enforcement recovered various firearms and ammunition from the RV as well as the garage in the main residence.
   d. The RV that Defendant was found in was searched pursuant to the court-authorized search warrant. A search of the RV revealed that inside the kitchen stove of the RV, there was a 9mm privately manufactured Glock-style firearm with no serial number on the frame, with an inserted magazine containing eight rounds of 9mm ammunition (Government Exhibits 3a, 3b, 3c). This firearm was not commercially assembled and rather was a "privately manufactured firearm," also known as a "PMF," colloquially referred to as a "ghost gun."
   e. In the cabinet above the bed in the RV where Defendant was found, investigators located a black canvas bag. That black bag contained a box further containing 40 rounds of Fiocchi 9mm ammunition as well as a Glock magazine loaded with nine rounds of 9mm ammunition (Government Exhibits 6a and 6b).

f. In the garage of the main residence, investigators observed a large number of electrical supplies. Task Force Officers observed on prior surveillances that Defendant worked as an electrician.

g. Among the electrical tools and supplies investigators located two plastic boxes. One of the tote boxes contained three AR-15 upper rifle assemblies and seven 80% lower AR-15 assemblies (Government Exhibit 4).

h. In that same tote box, depicted in Government Exhibit 4, investigators located a .45 caliber Springfield Armory handgun bearing serial number NM538380, which was determined to be reported stolen (Government Exhibit 1), and an additional privately manufactured Glock-style semiautomatic pistol with no serial number on the frame (Government Exhibits 7a and 7b). That firearm was located underneath other items.

i. In a second tote box, investigators located a large assortment of semiautomatic handgun ammunition as well as two green military-style ammunition cans filled with loose ammunition and Glock-style unserialized firearm parts (Government Exhibit 8). In particular, investigators found a trigger assembly that can be used to build privately-manufactured larger-caliber firearms.

j. Inside the same garage, investigators located a canvas Milwaukee brand tool bag, further containing a .380 Colt pistol bearing serial number 14696 with a loaded magazine inserted in the magazine well, along with other items (Government Exhibit 2a, 2b, 2c and 2d).

k. Inside a bedroom in the main residence, investigators located a rifle gun box containing two additional AR-15 upper assemblies and a .22 caliber Mossberg rifle with no serial number (Government Exhibits 5a and 5b). This bedroom was determined to belong to the defendant's son.

l. Investigators also found identification documents belonging to Defendant at the residence. In particular, on the countertop above the kitchen stove was a

piece of mail addressed to Defendant at the address where the search warrant was executed (Government Exhibit 9).

m. On the countertop above the kitchen stove in the RV, investigators also found a wallet containing a driver's license (Government Exhibit 10) and U.S. passport with the name and picture of FERNANDO ALMANZA, the defendant.

2. TFO Reese Barbee would testify that:

a. TFO Barbee has been a Sheriff's Deputy for over 18 years. TFO Barbee is an investigator assigned to the Perris Station Investigation Bureau as an investigator conducting investigations regarding Sexual Assault Child Abuse, domestic violence incidents, and crimes against persons.

b. Following the execution of the search warrant on April 14, 2025, Defendant was arrested and TFO Barbee advised him of his *Miranda* rights. Government Exhibit 11, Post-Arrest Interview, 49:20-50:22.

c. Defendant waived those rights and provided a post-arrest statement in which he admitted that all the firearms and ammunition seized by investigators belonged to him, including the firearms and assemblies found in his son's bedroom, which Defendant put there.

d. Defendant further admitted that he was a previously-convicted felon. Defendant further admitted that he knew that he was not permitted to possess firearms.

e. Defendant further stated that he worked as an electrician. The garage was utilized by Defendant to store his work-related equipment and supplies for his work as an electrician.

3. Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) Special Agent Austin Sailor would testify as a qualified nexus expert that:

a. The firearms and ammunition described above all traveled in or affected interstate commerce.

b. The serialized, non-PMF firearms described above – namely, the Springfield Armory .45 caliber handgun, the Colt .380 handgun, and the .22 caliber Mossberg rifle, as depicted in Government Exhibits 1, 2d, and 5a – and all the ammunition, including the Fiocchi ammunition depicted in Government Exhibit 6b, were manufactured and produced outside of California and therefore traveled in and affected interstate commerce.

c. At the time investigators recovered the two privately manufactured Glock-style firearms with no serial number on their frames, as shown in Government Exhibits 7a, 7b, 3b, and 3c, Defendant's possession of those two firearms affected interstate commerce.

d. Congress regulates firearms comprehensively, and privately-manufactured firearms are made to function like commercial firearms (and so they are interchangeable).

e. Privately-manufactured firearms can, and do, enter into the interstate market, affecting the supply and demand of firearms.

f. AR-15 upper rifle assemblies and 80% lower AR-15 assemblies can be assembled to create privately manufactured firearms. A ghost gun is comprised of an upper receiver (here, an AR-15) and an 80% lower receiver. An 80% lower is a block of aluminum that resembles an AR-15 lower receiver but is not able to accept the internal parts needed for a rifle to function. An 80% lower, by itself, is not considered a firearm by ATF unless it has been modified. An 80% lower can readily be converted into a functioning firearm that is capable of firing ammunition, regardless of whether that ammunition is commercially produced.

IT IS FURTHER STIPULATED AND AGREED:

4. At the time of the charged acts in the Indictment, Defendant had been convicted of a felony, that is, a crime punishable by a term of imprisonment exceeding one year. Namely, Defendant had been convicted on or about October 22, 2001 for Recklessly

Evading a Peace Officer, a felony, in violation of Cal. Veh. Code 2800.2, and Vandalism, a felony, in violation of Cal. P.C. 594(A)(B)(1), for which he was sentenced to 240 days' confinement, formal probation of five years, a fine of $200, and restitution of $12,373 (Government Exhibit 12).

5. At the time of the charged acts in the Indictment, Defendant knew that he had been convicted of a crime punishable by a term of imprisonment exceeding one year. Namely, Defendant stipulates that he knew that he had been convicted of the felony crimes listed in paragraph 4 above.

6. Each of the firearms depicted in the Government Exhibits above is a weapon which will, or is designed to, or may readily be converted to, expel a projectile by the action of an explosive and is therefore a "firearm," as defined under federal law.

7. It is further stipulated and agreed by the parties that Government Exhibits 1 through 12 are each admissible as substantive evidence at trial. The parties waive any and all objections to those exhibits.

8. The parties agree that this stipulation is not admissible at any retrial and waive all arguments that it is admissible.

IT IS FURTHER STIPULATED AND AGREED:

9. If Defendant is convicted of Counts 1 and 2 of the Indictment, Defendant understands he must forfeit to the United States all right, title, and interest in any and all firearms and ammunition involved in the offense. Defendant understands that forfeiture is an additional mandatory penalty for these offenses, if convicted.

10. Defendant agrees to forfeit all property seized in connection with this case, and in doing so, Defendant understands that he is agreeing to forfeit additional properties beyond those required for the offense. The properties to be forfeited should Defendant be convicted of one or more counts in the Indictment include, but are not limited to the following firearms and ammunition:

a. a Springfield Armory .45 caliber handgun, bearing serial number NM538380;
b. a Colt .380 handgun bearing serial number 14696;

c. a .22 caliber Mossberg rifle with no serial number;

d. two privately manufactured firearms;

e. five AR-15 upper rifle assemblies; and

f. seven 80% lower AR-15 assemblies.

11. Defendant agrees that the properties listed in above are firearms and ammunition involved in the offense. Defendant admits and acknowledges properties are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c).

12. This stipulation is being entered into freely and voluntarily by all parties.

SO STIPULATED AND AGREED.

DATED: 01.15.2026

FERNANDO ALMANZA
Defendant

DATED: 01/15/26

BRITTANY SHERRON
Counsel for Defendant

DATED: 1/15/26

ADAM GORDON
UNITED STATES ATTORNEY

JILL S. STREJA
Assistant United States Attorney